IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CORALY M. ORTIZ-SANCHEZ, EDUARDO SANTIAGO and their conjugal partnership<br><br>Plaintiffs<br><br>vs<br><br>RUBEN HERNANDEZ-GREGORAT, in his individual and official capacity as Secretary of Transportation and Public Works; BRENDA GOMILA-SANTIAGO, in her individual and official capacity as present Executive Director of Human Resources of the Puerto Rico Highway Authority; CESAR MALDONADO-VAZQUEZ, in his individual and official capacity as Human Resources Specialist; ALFREDO SANTIAGO-IRIZARRY, in his personal and official capacity as General Manager of the Permanent Weights Station in Salinas; LESLIE ALSINA-LOPEZ, in her personal and official capacity as Appointed Supervisor of Permanent Weights Station in Salinas; LUIS RODRIGUEZ-ROSA, in his personal and official capacity as Special Studies and Programming Director of the Puerto Rico Highway Authority; JAVIER A. HERNANDEZ-SCIMECA, in his personal and official capacity as Subdirector of the Puerto Rico Highway Authority; JOSE PESANTE-ROJOS, in his personal and official capacity as Director of the Office of Weights Station in Salinas; INSURANCE COMPANY ABC; and JOHN DOE and JILL ROE, in their individual and official capacities<br><br>Defendants | CIVIL 11-2076CCC |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 action brought by Coraly M. Ortiz-Sánchez (Ortiz-Sánchez), her husband Eduardo Santiago (Santiago), and their conjugal partnership against various officials of the Puerto Rico Highways Authority, a Commonwealth agency where Ortiz-Sánchez has worked since 2003. Ortiz-Sánchez complains of having been a victim of political discrimination at said agency, avers that her due process rights have also

CIVIL 11-2076CCC                                    2

been infringed, and together with her husband raise supplemental claims under a myriad of Commonwealth laws. Before the Court now is the Joint Motion to Dismiss filed by all defendants (**docket entry 25**), which plaintiffs opposed (docket entry 27). Defendants have raised an Iqbal[1] challenge to the complaint's factual allegations made in support of the First Amendment political discrimination claim, and also aver that plaintiffs have failed to state claims under the Equal Protection and Due Process Clause of the U.S. Constitution. They also plead that Santiago's purported § 1983 claim be dismissed as unavailing, and further ask that the supplemental claims be dismissed upon disposition of all the federal claims. We briefly address their contentions in the Order that they were raised.

### Iqbal

It is by now generally established that in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); see also Iqbal, 129 S.Ct. at 1950. The plausibility threshold "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the illegal conduct." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011). Having carefully read the allegations of the complaint, and viewing them in the light most hospitable to the plaintiffs, as we must, we think that they meet this initial prong, for they have pled enough facts to state a plausible claim under the First Amendment. This is not enough, however, as "save under special conditions, an adequate complaint must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592 (1st Cir. 2011). "Each defendant's role in the [adverse employment] decision must be sufficiently alleged to make him or her a plausible defendant. After all, 'we must determine whether, as to each defendant, a plaintiff's pleadings are

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

CIVIL 11-2076CCC					3

sufficient to state a claim on which relief can be granted." Ocasio-Hernández, 640 F.3d at 16 (quoting Sánchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) (emphasis in original). On this defendant-focused prong, we conclude that the complaint's allegations fail as to four of the defendants:  Rubén Hernández-Gregorat, Leslie Alsina-López, Luis Rodríguez-Rosa and Javier A. Hernández-Scimeca.  Simply put, the complaint's factual averments do not plausibly establish personal involvement or individual responsibility by any of these four defendants which would make them liable for the alleged constitutional injuries suffered by plaintiff.  Accordingly, the complaint will be dismissed as to these four defendants.

**Equal Protection Claim**

Ortiz-Sánchez' equal protection claim is nothing more than a reinstatement of her political discrimination claim under another rubric.  This she cannot do.  Uphoff-Figueroa v. Alejandro, 597 F.3d 423, 430 n. 8 (1st Cir. 2010).   See also Pagán v. Calderón, 448 F.3d 16, 36-37 (1st Cir. 2006).  Hence, the claim under the Equal Protection Clause is ORDERED DISMISSED.

**Due Process Claim**

Given that the complaint's allegations do not state that Ortiz-Sánchez was terminated from her position, but only that she was stripped of functions, her Due Process claim also falters.  This is so because ""[u]nder Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005) (quoting Rosado de Vélez v. Zayas, 328 F.Supp. 2d 202, 212 (D.P.R. 2004)).  Consequently, the claim under the Due Process Clause is similarly DISMISSED.

**Santiago's Purported § 1983 Claim**

The complaint clearly states, at p. 3, ¶ 4, that Santiago "under state law seeks relief and joins the instant case as a pendent claim to Ortiz-Sánchez' federal claims."  (Emphasis

CIVIL 11-2076CCC                                                  4

ours.)  Thus, Santiago has not pled a claim under § 1983.  Defendants' representations to the contrary are misleading, and their request to dismiss Santiago's inexistent § 1983 claim is, therefore, vapid.

### Supplemental Claims

As the First Amendment claim has survived dismissal for the time being, the Court will not dismiss the supplemental claims brought against the defendants that remain in the action.

### Conclusion

For the reasons stated, the Joint Motion to Dismiss filed by all defendants (**docket entry 25**) is GRANTED IN PART and DENIED IN PART.  Accordingly, partial judgment will be entered DISMISSING the federal claims brought against defendants Rubén Hernández-Gregorat, Leslie Alsina-López, Luis Rodríguez-Rosa and Javier A. Hernández-Scimeca with prejudice, and the supplemental claims brought against them without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on February 13, 2013.

                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge