## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CORALY M. ORTIZ-SÁNCHEZ, ET AL.,

    Plaintiffs,

          v.                                   CIVIL NO. 11-2076 (PAD)

MIGUEL A. TORRES, ET AL.,

    Defendants.

### OPINION AND ORDER

This is an action for declaratory and injunctive relief and damages under 42 U.S.C. § 1983 and Puerto Rico law.  Before the Court is co-defendants' "Motion for Reconsideration and/or to Alter Court Order" (Docket No. 85).  For the reasons explained below, the motion is GRANTED and the case is DISMISSED.

### I.  BACKGROUND

Coraly M. Ortiz-Sánchez initiated this action against Rubén Hernández-Gregorat, Brenda Gomila-Santiago, César Maldonado-Vázquez, Alfredo Santiago-Irizarry, Leslie Alsina-López, Luis Rodriguez-Rosa, Javier A. Hernández-Scimeca, and José Pesante-Rojas (erroneously denominated Pesante-Rojos), alleging violation of rights under the First and Fourteenth Amendments of the Constitution of the United States, and with her husband Eduardo Santiago and their conjugal partnership, of state law (Docket No. 1)

Ortiz-Sánchez claims she is an active member of the Popular Democratic Party ("PDP"); that at all relevant time defendants were aware of her political affiliation; and that all defendants, except Pesante-Rojas, are members of the New Progressive Party ("NPP").  She further contends that defendants stripped her of her functions and authority, demoting her, harassing her, and seeking by any means to terminate her, because of her allegedly known political affiliation to the

PDP. Id. ¶ 1. Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) (Docket No. 25), and, subsequently, for summary judgment (Docket No. 44). The Court considered the motion to dismiss, and dismissed with prejudice the claims asserted against Hernández-Gregorat, Alsina-López, Rodriguez-Rosa and Hernández-Scimeca (Docket Nos. 55 and 56).[1] Thereafter, it denied defendants' Motion for Summary Judgment (Docket No. 83).

The remaining defendants' moved for reconsideration and/or to alter the Court's Order at Docket No. 83, claiming the uncontested facts confirm plaintiffs do not have a valid cause of action against any of them (Docket No. 85). Should the Court disagree, they further posit, a determination of the statements that are contested or uncontested must be made to prepare for trial. Id.

Plaintiffs opposed at Docket No. 86, claiming issues of fact remain as to defendants' participation "in a scheme to remove Ortiz-Sánchez for NPP sympathizers and creating a hostile work environment, leading to the ultimate goal of removing her from the position, which they accomplished when their original efforts to transfer her failed." (Id. at ¶ 26).[2] Careful consideration of the uncontested facts confirms that reconsideration of the Order denying the motion for summary judgment is warranted.[3]

---

[1] Although all substantive claims against Hernández-Gregorat were dismissed and he ceased to hold office during the pendency of the action, plaintiff's request for equitable relief was pending. Thus, the Court ordered Hernández-Gregorat to be substituted by his successor, Mr. Miguel A. Torres (Docket No. 70).

[2] Plaintiffs additionally ask the court to strike defendants' reconsideration request "without more consideration," because it exceeds the fifteen (15) pages limit imposed by Local Rule 7(d) (Docket No. 86 at ¶ 5). The Court is not persuaded by plaintiffs' contention that the additional five (5) pages in excess of the fifteen (15) permitted by the rule merits striking the entire motion from the record. Thus, their request is DENIED.

[3] For purposes of this Opinion and Order, the Court will only consider defendants' arguments in support of their motion for summary judgment regarding the *remaining* defendants and claims, to wit: plaintiffs' First Amendment claim against Gomila-Santiago, Maldonado-Vázquez, Santiago-Irizarry and Pesante-Rojas and supplemental law claims against the same defendants. Although defendants Hernández-Gregorat, Alsina-López, Rodriguez-Rosa and Hernández-Scimeca, also moved for summary judgment, the claims against them were dismissed (Docket No. 55).

## II.  STANDARD OF REVIEW

### A.  Fed.R.Civ.P. 59(e)

When reconsideration is sought from an interlocutory order such as the one at Docket No. 85, that motion is not properly considered under Rule 59(e), but, instead, as a request for the court to revisit its earlier ruling.  See, Jones v. Bernanke, 557 F. 3d 670, 677-678 (D.C. Cir. 2009); Steven Baicker-McKee, William M. Janssen, John B. Corr, 1190-1191 *Federal Civil Rules Handbook*, (Thomson Reuters/West, 2013).  Nevertheless, courts have used the Rule 59(e) criteria to evaluate reconsideration requests involving interlocutory matters.  See, Acosta-Colón v. Wyeth, 2006 WL 508094 at *2 (D.P.R. March 1, 2006)(so recognizing).

In this framework, a motion for reconsideration may be granted in any of three (3) situations: (1) availability of new evidence not previously available; (2) an intervening change in controlling law; and (3) the need to correct a clear error of law or to prevent manifest injustice.  Id. at 3.  These elements may serve to guide the Court's assessment of whether interlocutory reconsideration is appropriate, bearing in mind that in the absence of judgment, finality and the important policy considerations underlying it are not implicated.

### B.  Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial.  Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A factual dispute is "genuine" if it could be resolved in favor of either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  It is "material" if it potentially affects the outcome of the case in light of applicable law.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting facts that demonstrate a genuine issue of material fact for trial.  LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).  All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought.  Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013).

To resist summary judgment, the nonmovant must do more than show some metaphysical doubt as to a material fact.  Matsushita Elec. Inds. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment.  Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013).

## III.    DISCUSSION

The First Amendment to the United States Constitution embodies the right to be free from political discrimination.  This right prohibits government officials from taking adverse actions against public employees on the basis of political affiliation, unless political association is an appropriate factor for employment, as in "trust" positions, where employees serve at the pleasure

of the appointing authority.  García-González v. Puig-Morales, 761 F.3d 81, 92 (1st Cir. 2014);

Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 43 n. 2.

A plaintiff seeking to establish a *prima facie* case of political discrimination must prove

four (4) elements: (1) plaintiff and defendant belong to opposing political parties; (2) defendant

had knowledge of plaintiff's political affiliation; (3) an adverse employment action occurred; and

(4) political affiliation was a substantial or motivating factor for the adverse action. García-

González, 761 F.3d at 96.  Defendant may then rebut that showing with what is commonly referred

to as the Mt. Healthy defense, by proving by a preponderance of the evidence that it would have

taken the same action," regardless of plaintiff's political affiliation. Reyes-Pérez v. State Ins. Fund

Corp., 755 F.3d 49, 54 (1st Cir.2014).

In this context, liability may not be based on a *respondeat superior* theory. Ramírez-

Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014).  Each defendant must have personally

participated in, encouraged, condoned, or acquiesced in rights-violating conduct. Ayala-Rodríguez

v. Rullán, 511 F.3d 232, 236 (1st Cir. 2007).  For the same reason, plaintiff must establish that her

constitutional injury resulted from the direct acts or omissions of the official, or from indirect

conduct that amounts to condonation or tacit authorization. Ocasio-Hernández, 640 F.3d at 16.

Measured against these standards, the claims subjudice must be dismissed.

### A.  Brenda Gomila-Santiago

Gomila-Santiago was the Executive Director of Human Resources and Industrial Safety

Services of the Puerto Rico Highways Authority ("PRHA").  See, Docket No. 45, Defendants'

Statement of Uncontested Facts ("DSUF") ¶ 6.  According to the complaint, she used her position

in human resources to facilitate and expedite what was clearly an unwarranted and onerous

transfer, and "continued to work on the efforts to remove Ortiz-Sanchez including changing her supervision, removal of function and eventually seeking her termination" (Docket No. 1 at ¶ 30).

Beyond the pleadings, there is no colorable evidence directly tying Gomila-Santiago to any allegedly discriminatory acts. Ortiz-Sánchez contends otherwise, arguing that when she communicated in writing "the discriminatory acts against her for being a PDP to Hernández-Gregorat (who is no longer a defendant in this case), "[s]he also notified Gomila-Santiago" (Docket No. 50 at p.9). In turn, Gomila-Santiago responded to Ortiz-Sánchez' communications on February 17, 2010 on April 1, 2011,[4] and on January 10, 2012.[5] Id. at ¶¶ 9-12.

The communications do not sustain the conclusion that Gomila-Santiago discriminated against Ortiz-Sánchez, or personally participated in, encouraged, condoned, or acquiesced in rights-violating misconduct. Particularly in light of her response to the letters that, on plaintiffs' view, linked her to constitutional violations, no evidence exists to find her liable of any of the asserted violations under Federal law. Therefore, the claims against her must be dismissed.

### B. César Maldonado-Vázquez

Maldonado-Vázquez is a Human Resources Specialist. Ortiz-Sánchez does not know if he is aware of her political affiliation. However, she decided to include him as a defendant because

---

[4] In the letter dated April 1, 2011, Gomila-Santiago informed plaintiff that an investigation regarding her allegations of stripping of duties would be carried out at the Salinas Permanent Weight Station. Id. at ¶ 41.

[5] It is uncontested that in the letter dated January 10, 2012, Gomila-Santiago informed plaintiff, among other things, that "[i]f you have perceived a discriminatory environment in your workplace in accordance with the provisions of [the Regulations to File Complaints for Acts of Discrimination or Sexual Harassment], you have the right to go to the Civil Rights Office of the Highway Authority to receive a detailed orientation about your rights and, if you deem it in order, file a complaint so that your allegations will be investigated, We urge you to coordinate an appointment with said office by contacting its director, Ana A. Olivencia, Esq., at 787 722-2929, ext. 2484." Docket No. 49, Exh. 3. In another letter of April 26, 2011, Gomila-Santiago informed plaintiff that the PRHTA had made several attempts to meet with her in order to conduct the audit regarding her allegations of stripping of duties, to no avail. Id. at ¶ 45. Plaintiffs general objection regarding this letter does not contest the fact that the letter was sent by Gomila-Santiago. See, Docket No. 51 at ¶ 45.

it was a decision taken by her lawyer, and it is her understanding that he conducted an unfair investigation regarding an incident between Ortiz-Sánchez and a co-worker named José Fortis. DSUF at ¶ 13 at ¶¶ 14-15.  No evidence connecting Maldonado-Vázquez to alleged constitutional violations was provided.  Consequently, the claims against him must be dismissed.

### C.  José Pesante-Rojas

José Pesante-Rojas is the Director of the Office of Weights Station, where Ortiz-Sánchez works.  Plaintiffs allege that he is liable to them insofar as he (1) made political comments in the office;[6] (2) subsequently gave Ortiz-Sánchez a relocation letter to the Bayamón Area.  Id. at ¶ 23; and (3) did not consider what Ortiz-Sánchez informed him before disciplining her after an incident she had with another employee.

The assertions do not show what individually materially adverse actions Pesante-Rojas committed to deprive Ortiz-Sánchez of constitutional rights.  Ortiz-Sánchez admitted at her deposition not having personal knowledge that the asserted comments were made. Id. ¶¶ 21-22. The transfer to Bayamón never materialized.  Id. at ¶ 24.  That Pesante-Rojas did not consider what Ortiz-Sánchez told him, does not mean he considered her political affiliation in evaluating the incident to which plaintiffs allude (where Ortiz-Sánchez assaulted a coworker) or any other aspect of her job.[7]  The evidence is not sufficiently probative to sustain liability against Pesante-Rojas, under Federal law.  The claims against him must be dismissed.

---

[6] Specifically: (i) that he had been marginalized by the PDP; (ii) that Fernando J. Borrero-Caraballo (Ortiz-Sánchez' direct supervisor from 2003, and who is not a party in this case) was not of his trust and of the new administration; and (iii) that "it was evident" that the core issue was to place persons of trust for both Pesante-Rojas and Hernández-Gregorat (who is no longer a defendant in this case).

[7] In this connection, Ortiz-Sánchez threw her shoes at her coworker, hitting him in the legs.  She could not, however, recall that she did so.

Coraly M. Ortiz-Sánchez, *et al.* v. Torres, *et al.*
Civil No. 11-2076 (PAD)
Opinion and Order
Page 8

### D.  Alfredo Santiago-Irizarry

Santiago-Irizarry was General Manager of the Office of Weights Station in Salinas.  It is uncontested that Ortiz-Sánchez is affiliated to the PDP, whereas Santiago-Irizarry is affiliated to the NPP.  But there is no evidence of Santiago-Irizarry's knowledge of Ortiz-Sánchez' political affiliation.

Ortiz-Sánchez contends she personally knows Santiago-Irizarry (DSUF at ¶ 30).  Yet she never informed him of her political affiliation.  Id. at ¶ 31.  Nevertheless, she alleges that Santiago-Irizarry knew of her affiliation "given the close proximity to each others [sic] homes" (Docket No. 51 at ¶ 31).  As support, she refers to four (4) pages of her deposition transcript, and to her husband's deposition testimony.

Review of Ortiz-Sánchez deposition testimony reveals it does not address Santiago-Irizarry's purported knowledge of her political affiliation.  See, Docket No. 45, Exh. 1, pp. 11-14 (describing incident between Ortiz-Sánchez and Fortis).  Likewise, her husband's deposition testimony does not refer to Ortiz-Sánchez' affiliation, but rather, to expressions allegedly made by Santiago-Irizarry at the "barrio" to some of Ortiz-Sánchez' husband's friends, to the effect that "he was going to take him out from the Ponce construction area," after the 2008 elections.  See, Docket No. 45, Exh. 17 p. 18, lines 7-23.[8]  It is apparent deposition testimony does not establish Santiago-Irizarry's knowledge of Ortiz-Sánchez political affiliation.

Finally, this is not a case where it may be reasonably inferred that Santiago-Irizarry was aware of that affiliation.  Admittedly, there is no controversy that Ortiz-Sánchez has never held a position within the PDP collectivity (DSUF at ¶ 41); has never been a campaign director for the

---

[8] Ortiz-Sánchez' husband admitted that he was not present when the comment was allegedly made.  Id. at line 23.

PDP (Id. at ¶ 42); has never been a president of a committee for the PDP (Id. at ¶ 49); has never been a municipal legislator for the PDP (Id. at ¶ 50); and has never been a poll watcher during an election for the PDP (Id. at ¶ 51). Along the same line, it is undisputed that she participated in PDP activities, including private and non-private meetings, campaign closings, party concentrations, and motorcades (Id. at ¶ 51).

At the end of the day, however, Ortiz-Sánchez cannot attest that Santiago-Irizarry was aware of her participation in those activities (Id. at ¶ 53). Without that foundation, plaintiffs' claims fail as a matter of law. See, Welch v. Ciampa, 542 F.3d 927, 938–39 (1st Cir.2008) (plaintiff must show defendants have knowledge of her political affiliation to establish a prima facie case of political discrimination)(internal citations omitted).

### E.  Puerto Rico Supplemental Law Claims

Because the Court has dismissed all claims over which it exercised original jurisdiction, it declines to exercise supplemental jurisdiction as to plaintiffs' state law claims, which must be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) (Federal courts may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims that gave it original jurisdiction are dismissed).

## IV.   <u>CONCLUSION</u>

The Court has thoroughly examined the record as well as the motions submitted by counsel for both parties. Based on that examination, for the reasons previously explained, defendants' motion for reconsideration at Docket No. 85 is GRANTED. Plaintiffs' federal claims are dismissed with prejudice. Their supplemental claims are dismissed without prejudice.

Judgment shall be entered accordingly.

Coraly M. Ortiz-Sánchez, *et al.* v. Torres, *et al.*
Civil No. 11-2076 (PAD)
Opinion and Order
Page 10

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2014.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
United States District Judge